NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0019n.06

No. 22-3315

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Jan 10, 2023

DEBORAH S. HUNT, Clerk

| | |
|---|---|
| KIMBERLY WHEELER, | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| MIAMI VALLEY CAREER TECHNOLOGY CENTER, | ) |
| Defendant-Appellee. | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

OPINION

Before: GILMAN, McKEAGUE, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Plaintiff Kimberly Wheeler is a teacher with defendant Miami Valley Career Technology Center (MVCTC). After she applied, but was not selected, for several administrative positions at MVCTC, she sued, alleging retaliation under Title VII, 42 U.S.C. § 2000e-3 and the Ohio Civil Rights Act, Ohio Rev. Code § 4112.02. The district court granted summary judgment in favor of MVCTC. We affirm.

I.

MVCTC is a "joint vocational school district" in southwestern Ohio. Wheeler has been a teacher at the school since 1988. In 2018, she applied for three different administrative positions: an academic supervisor position, a health and consumer sciences position, and a building principal position. Even though Wheeler was qualified and interviewed for all three positions, MVCTC received "significant interest" in all three and did not offer any of the positions to Wheeler.

Wheeler subsequently filed several complaints, alleging that MVCTC's decision not to hire her resulted from sex and age discrimination and was in retaliation for an earlier complaint against the school that she filed in 2012. The first two complaints—filed with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission (EEOC)—were unsuccessful. She then filed suit in state court, raising the same claims. After the case was removed to federal court, the district court granted summary judgment to MVCTC on all counts, concluding (as relevant for our purposes) that Wheeler had not established a genuine dispute of material fact that the 2012 complaint caused the failed 2018 promotions because it happened six years before the events pertinent to this case; thus, she failed to show a prima facie case of discrimination. Wheeler now appeals, raising only her retaliation claims.

II.

A.

We review the grant of summary judgment de novo. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013). We review evidence in the light most favorable to the non-movant, but "[n]ot just any alleged factual dispute between the parties will defeat an otherwise properly supported motion for summary judgment; the dispute must present a *genuine* dispute of *material* fact." *Id*.; *see also* Fed. R. Civ. P. 56(c).

B.

Title VII makes it unlawful for an employer to retaliate against an employee who has opposed any discriminatory practice. 42 U.S.C. § 2000e-3(a).[1] When a plaintiff relies on

---

[1]The same is true under the Ohio Civil Rights Act, Ohio Rev. Code § 4112.02(I), and Ohio courts have "adopted the framework established in federal case law concerning Title VII" when interpreting similar state statutes. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002); *see also Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm'n*, 575 N.E.2d 1164, 1167 (Ohio 1991).

circumstantial evidence of retaliation (as Wheeler does here), we use the *McDonnell-Douglass* burden-shifting framework. *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (2014); *see also McDonnell-Douglass Corp v. Green*, 411 U.S. 792 (1973). Under that framework, the plaintiff has the initial burden to establish a prima facie case of retaliation. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 544 (6th Cir. 2008). If the plaintiff carries this burden, the employer then must "produce evidence of a legitimate, nondiscriminatory reason for its actions." *Id*. Finally, the burden shifts back to the plaintiff to demonstrate that the employer's reason was pretextual. *Id*.

As part of her prima facie burden, Wheeler must demonstrate "a causal connection between the adverse employment action and the protected activity." *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013). This requires "but-for causation," i.e., "proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Texas S.W. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). Though the initial burden is "not onerous" and "easily met," *Taylor*, 703 F.3d at 336 (citation omitted), a plaintiff who relies on temporal proximity alone cannot establish a prima facie case unless that proximity is "very close," *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam). Indeed, "the more time that elapses between the protected activity and the adverse employment action, the more the plaintiff must supplement [her] claim with other evidence of retaliatory conduct to establish causality." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 400 (6th Cir. 2010) (internal quotation marks and citation omitted).

Wheeler alleges that MVCTC retaliated against her (by not selecting her) because of a prior EEOC complaint and lawsuit that she originally filed against the school in December 2012. Though the record is light as to the details of the 2012 claim, it appears that the suit (which, like

this case, appeared to later end up in federal court) also originated after Wheeler applied for an administrative position at MVCTC but was not selected. *See generally Wheeler v. Miami Valley Career Tech. Ctr.* No. 3:14-cv-73, 2016 WL 237075 (S.D. Ohio January 20, 2016), *affirmed* No. 16-3153, 2017 WL 9473121 (6th Cir. 2017).

We agree with the district court that Wheeler has not established a prima facie case of retaliation. Here, Wheeler complains of actions that occurred years before the alleged wrongful actions by MVCTC, with her prior complaint being filed in 2012. This proximity is woefully insufficient by itself—the Supreme Court has held that events not even two years apart are nowhere near close enough. *See Clark Cnty. Sch. Dist.*, 532 U.S. at 274 ("Action taken . . . 20 months later suggests, by itself, no causality at all."). Wheeler responds that we should consider that her litigation lasted until January 2017, about 15 months before MVCTC hired someone other than Wheeler for the first administrative position. But this is *still* insufficient—we have held that far shorter time periods do not establish the required causation. *See Imwalle*, 515 F.3d at 550 ("In this circuit, a period of more than four months was found to be too long to support an inference of causation."). The temporal proximity in the present case is simply not enough.

Wheeler responds, raising other evidence of supposed retaliation. She states that MVCTC had a history of promoting internal candidates (except for her) and that individuals involved in the prior litigation "poisoned" her 2018 application because she had to interview with those individuals. But the record evidence does not support her theories. For one, she cannot point to evidence showing that MVCTC consistently prioritized internal candidates over equally (or, as the school's evidence suggests, *more*) qualified external candidates. And the fact that she received interviews for each position (amid such heavy interest) belies her hypothesis that MVCTC was prejudiced against her. In short, the only possible retaliatory conduct that Wheeler can assert to

show a genuine dispute of material fact was the school's failure to promote her in 2018. But given the amount of time that has elapsed since the prior lawsuit, this, by itself, is far from enough evidence needed to create a genuine dispute of material fact as to causation. *See Vereecke*, 609 F.3d at 400. She has not produced sufficient evidence establishing that the 2012 complaint was a "but-for" cause of her failed 2018 promotion, nor can she prove that she would have been promoted if not for the 2012 complaint. *See Univ. of Texas*, 570 U.S. at 360.[2] Therefore, we agree that summary judgment was properly granted in favor of MVCTC.

## III.

For these reasons, we affirm the judgment of the district court.

---

[2]And even if Wheeler did satisfy the prima facie inquiry, she would still not survive summary judgment. MVCTC easily produced evidence of a legitimate, non-discriminatory reason (the successful candidates were more qualified), and Wheeler never produced any evidence showing that this was pretext, such as by showing that the candidates were *less* qualified than her or that other evidence of retaliatory conduct existed apart from MVCTC failing to hire her. *Cf. Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 815–18 (6th Cir. 2011).